# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MICHAEL L. HAMLIN,
        Appellant,

      v.

DEPARTMENT OF EDUCATION,
        Agency.

DOCKET NUMBER
DC-531D-12-0254-C-1

DATE: February 4, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Michael L. Hamlin, Springfield, Virginia, pro se.

Schwanda Rountree, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement. For the reasons discussed below, we REMAND the case to the regional office for further adjudication in accordance with this order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2     The appellant filed a Board appeal challenging the agency's decision to grant his within-grade increase (WIGI) in July 2011, rather than March 2011. *Hamlin v. Department of Education*, MSPB Docket No. DC-531D-12-0254-I-1, Initial Appeal File (IAF), Tab 1.   While the appeal was pending, the parties reached a settlement agreement resolving the appeal.   IAF, Tab 20.   The agreement provided, among other things, that the agency would grant the 2011 WIGI retroactive to March 2011.   IAF, Tab 21 at 5.   The administrative judge issued an initial decision in May 2012, finding that:  (1) the appeal was within the Board's jurisdiction; (2) the agreement was lawful on its face; and (3) the parties understood the agreement's terms and freely and voluntarily entered into it.  IAF, Tab 22, Initial Decision (ID) at 1.   She therefore accepted the agreement into the record for enforcement purposes and dismissed the appeal as settled.  ID at 1-2.

¶3     In May 2015, the appellant filed a petition for enforcement in which he asserted that the agency violated the terms of the agreement by delaying his subsequent WIGIs until June instead of granting them in March.  *Hamlin v. Department of Education*, MSPB Docket No. DC-531D-12-0254-C-1, Compliance File (CF), Tab 1.   The agency responded in opposition to the appellant's petition, asserting that the appellant failed to file his petition within a reasonable time because his last WIGI of record was in June 2013.  CF, Tab 3 at 5.   The agency also asserted that, even if the appellant's petition was timely filed, it had fully complied with the agreement.  *Id*. at 5-6.   The administrative judge issued a compliance initial decision denying the appellant's petition for enforcement.  CF, Tab 6, Compliance Initial Decision (CID).  Specifically, the administrative judge found that the agency was in compliance with the agreement because:  (1) the appellant did not provide any evidence substantiating his claim that his "correct" WIGI eligibility date was March rather than June or July; (2) nothing in the agreement addressed the eligibility date for any future WIGI to which he might be

entitled; and (3) the appellant did not dispute that he received the WIGI for which he bargained in the May 2012 agreement. CID at 3-4.

¶4 The appellant has filed a timely petition for review of the compliance initial decision. Petition for Review (PFR) File, Tab 1. He argues, inter alia, that all his WIGIs should be granted in March, which is the anniversary of his Federal start date because, otherwise, he would be penalized for the agency's previous improper delay in granting his 2011 WIGI. *Id*. at 8-9. He also argues that, contrary to the agency's assertion, he was never placed on a performance improvement plan (PIP). *Id*. at 8. Finally, the appellant argues that the agency's delay in updating his electronic personnel file delayed notice to him that his WIGI had been delayed. *Id*. at 9. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The Board has the authority to enforce a settlement agreement that, like the agreement in this case, has been entered into the record, in the same manner as any final Board decision or order. *Haefele v. Department of the Air Force*, 108 M.S.P.R. 630, ¶ 7 (2008). As the party asserting noncompliance, the appellant bears the burden of proving by preponderant evidence that the agency breached the settlement agreement.[2] *Id*. However, following the appellant's filing of a petition for enforcement, the agency must produce relevant, material evidence of its compliance with the agreement. *Id*.

¶6 The agreement stated that the agency would grant the appellant a WIGI retroactive to March 2011. IAF, Tab 21 at 5. However, the appellant's Standard Form 50 documenting his 2013 WIGI reflects that his last equivalent increase was in July 2011. CF, Tab 3 at 11. For the appellant to be eligible for his WIGI in

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

2013, he would have needed to complete 104 weeks of service since the last equivalent increase. *See* 5 U.S.C. § 5335(a). The appellant's 2013 WIGI from step 4 to step 5 thus could have been delayed solely on the basis that the agency's records reflected that his last WIGI was granted in July 2011, rather than March 2011. Therefore, it appears that the agency may have violated the agreement by failing to document that it had granted the 2011 WIGI effective in March.

¶7      The agency asserts that the appellant's 2013 WIGI was delayed for unsatisfactory performance when he was placed on a PIP, CF, Tab 3 at 5-6, but it provides no evidence to support this assertion.[3] On review, the appellant asserts that he was never on a PIP. PFR File, Tab 1 at 8. In support of his assertion, he attaches a performance appraisal that reflects he received an overall "Results Achieved" rating for the appraisal period from October 2012 to September 2013. *Id*. at 11-14. This appraisal alone, however, does not rebut the agency's assertion that the appellant was on a PIP after his 2011 WIGI and prior to receiving his WIGI in June 2013. We therefore are unable to determine on the existing record whether the agency breached the settlement agreement by granting the appellant's 2013 WIGI in June rather than March. Accordingly, we find that the appeal must be remanded to the administrative judge.

¶8      Before adjudicating the merits of the petition for enforcement, however, the administrative judge should address the timeliness of the petition. A petition for enforcement alleging a breach of a settlement agreement must be filed within a reasonable amount of time of the date the petitioning party becomes aware of a breach of the agreement. *Phillips v. Department of Homeland Security*, 118 M.S.P.R. 515, ¶ 11 (2012). The reasonableness of the time period depends

---

[3] Had the agency delayed the appellant's 2013 WIGI because it determined that his work was not at an acceptable level of competence, it would have been required to provide him with prompt written notice of that determination. *See* 5 U.S.C. § 5335(c). Providing a copy of such written notice in response to the appellant's petition for enforcement would have clarified the reason for the delay in granting the 2013 WIGI.

on the circumstances of each case. *Id.* Here, the appellant alleged that the agency breached the settlement agreement by improperly delaying granting his WIGI in 2013 because the WIGI should have been granted in March rather than June. CF, Tab 1; *see* CF, Tab 3 at 11-12. However, he did not file a petition for enforcement until May 2015. CF, Tab 1. The question thus arises whether the appellant filed his petition for enforcement within a reasonable period of time from the date he became aware of the alleged breach of the agreement. *See Principe v. U.S. Postal Service*, 100 M.S.P.R. 66, ¶ 13 (2005). The timeliness of a petition for enforcement may be raised sua sponte by the Board. *Id.* Because the administrative judge did not adjudicate the timeliness issue or afford the parties notice and an opportunity to address it, we remand this matter to the administrative judge for further adjudication.

¶9    On remand, the administrative judge shall afford the parties an opportunity to submit evidence and argument on the issues of breach and the timeliness of the petition for enforcement. The administrative judge shall exercise discretion to afford them an opportunity for discovery and a hearing, if necessary, before issuing a new compliance initial decision. *See Principe*, 100 M.S.P.R. 66, ¶ 13. If the administrative judge finds that the petition for enforcement was timely filed, she must then address the merits of the petition.

**ORDER**

¶10     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this remand order.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.